UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>ALECIA TRAPPS,<br><br>　　　　　Movant. | Case No.  1:18-cr-00076-DAD-JDP (HC)<br><br>**ORDER**<br><br>DIRECTING THE GOVERNMENT TO RESPOND TO MOVANT'S SECTION 2255 MOTION WITHIN THIRTY DAYS AND DENYING MOVANT'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 431 |

　　　　Alecia Trapps ("movant") has filed a motion to vacate, set aside, or correct sentence pursuant to section 2255. ECF No. 427.  I direct the government to respond to that motion within thirty days of this order's entry.  Movant has also filed a motion for appointment of counsel.  ECF No. 431.  Therein, she requests a lawyer because she lacks legal knowledge.  *Id.* at 1.  Movant has no right to counsel in a section 2255 proceeding, however.  *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("[T]here is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding.").  And a lack of legal knowledge is not the kind of exceptional circumstance that warrants the court's discretional appointment of counsel.  Indeed, all *pro se* litigants lack knowledge of the substantive law and procedure and few of them are appointed counsel.  At this juncture, movant appears capable of articulating and prosecuting her

section 2255 claims.  I will revisit this issue if that appears to change.

Accordingly, it is ORDERED that:

1. Within thirty days of this order's entry, the government shall respond to movant's section 2255 motion, ECF No. 427.

2. Movant's motion to appoint counsel, ECF No. 431, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:     October 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2