UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>ALECIA TRAPPS,<br><br>    Movant. | Case No. 1:18-cr-0076-DAD-JDP (P)<br><br>ORDER |

Alecia Trapps ("petitioner") has filed a § 2255 motion that raises a claim of ineffective assistance of counsel. ECF No. 427. Several ancillary motions are pending and must be resolved before the § 2255 motion can be addressed.

First, because of the ineffective assistance of counsel claims, the government has filed a motion seeking waiver of movant's attorney-client privilege. ECF No. 442. Movant has agreed to this waiver. ECF No. 449. Counsel from the federal defender's office, who is not representing movant in the § 2255 motion, has filed an opposition to the waiver, requesting that, if the court finds a waiver to be warranted, it be limited to the issues raised in § 2255 motion and that, if pertinent documents contain information that goes beyond those issues, complete copies and proposed redactions be submitted to my chambers. ECF No. 447. I find that a waiver is

1

warranted, and it is subject to the following limitations:

    (1) The waiver of attorney-client privilege between movant and her trial counsel is limited to the claims raised in movant's § 2255 motion.[1]

    (2) Trial counsel, and related staff and agents if relevant, may disclose to the government communications with movant concerning matters related to the ineffective assistance of counsel claims raised in the § 2255 motion.

    (3) Trial counsel may communicate with government counsel to provide declarations concerning the claims of deficient performance.

    (4) If issues arise concerning the waiver that are beyond the scope of this order, the government may file a renewed request for waiver specifying the documents or testimony at issue and stating why its disclosure is necessary.

    (5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

The other matter before the me is the show cause order I entered on May 12, 2025 asking the government to show why sanctions should not issue for its failure to file a timely response to the § 2255 motion, as I directed. ECF No. 440. The government has responded, and its counsel states that she was out of the office on medical leave and missed the response deadline inadvertently. ECF No. 443 at 2. Accordingly, I find that sanctions are unwarranted. In addition, the government's request for extension of time is granted, its response is deemed timely, and any supplemental response shall be filed within the deadline specified by this order.

Accordingly, it is ORDERED that:

1. The motion to waive attorney-client privilege, ECF No. 442, and movant's motion to waive privilege, ECF No. 449, are GRANTED to the extent specified by this order and denied without prejudice in all other respects.

---

[1] These are the alleged failure: (1) to timely object to her presentence report; (2) to properly raise and litigate relevant conduct-alleged drug quantities leading the court to find a base offense level 36; (3) to investigate and challenge/object to the prior convictions which the court found triggered the "career offender" guideline application/calculation, which Ms. Trapps says also violated her due process rights; and (4) to effectively counter the government's sentencing arguments asking for an aggravated sentence.

      2. Any supplemental response by the government, based on information obtained from the waiver, shall be due within thirty days of this order's entry. A reasonable extension of time may be sought, if necessary.

      3. The government's motion for extension of time, ECF No. 443, is GRANTED and the show cause order, ECF No. 440, is discharged.

IT IS SO ORDERED.

Dated:    August 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE