UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ALECIA TRAPPS,<br><br>Movant. | Case No. 1:18-cr-0076-DAD-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Alecia Trapps ("movant") has filed a motion to vacate, set aside, or correct sentence pursuant to section 2255. ECF No. 427. Therein, she argues that her attorney was constitutionally ineffective during her sentencing hearing by: (1) failing to file timely objections to the Presentence Report ("PSR"); (2) failing to raise the issue of the amount of drugs allegedly involved in the relevant charges; (3) failing to investigate two prior convictions that triggered career offender guidelines; and (4) failing to effectively counter the government's arguments that aggravating enhancements were warranted. *Id.* at 4. The government has filed an opposition to the motion, ECF No. 445, an amended opposition, ECF No. 446, and a supplemental opposition, ECF No. 457, and movant has filed a reply, ECF No. 459. For the reasons stated hereafter, movant's motion should be denied.

1

**Legal Standards**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

**Analysis**

Movant was charged with conspiring to distribute and possess with intent to distribute methamphetamine and heroin. ECF No. 1. She entered a guilty plea on October 15, 2019, ECF No. 218, and was sentenced to 252 months' imprisonment on September 17, 2021, ECF No. 349.

Movant filed a direct appeal with the Ninth Circuit arguing that her plea colloquy was deficient insofar as the court did not adequately inquire about her history of substance abuse, as well as physical and mental health issues, that made her more susceptible to involuntarily pleading guilty. ECF No. 383 at 2. She also argued that the court failed to properly advise her under Rule 11(b)(1) during the colloquy. *Id.* The Court of Appeals rejected both arguments. *Id.* at 3-6.

Movant then filed the instant section 2255 motion on February 20, 2024. ECF No. 427.

2

I.      Failing to Object to the PSR

Movant contends that her counsel failed to file timely objections to her PSR. *Id.* at 4. However, the record reveals that counsel filed objections to movant's PSR on September 3, 2021. ECF No. 343. Additionally, movant's counsel has submitted a declaration confirming the filing of objections. ECF No. 457-1 at 3. Finally, review of the sentencing hearing transcript indicates that the court received and considered those objections. ECF No. 370 at 2-3. This claim is meritless.

II.     Failing to Raise the Amount of Drugs Involved in the Charges

Next, movant argues that her counsel failed to object to or litigate the amount of drugs at issue under the charged conduct. ECF No. 427 at 4. She also contends that the court erred "in the application of BASE LEVEL 36 under the drug table." *Id.* In her declaration, movant's counsel states that she discussed the amount of drugs at issue with movant and does "not recall any dispute as to drug quantity arising during our discussion." ECF No. 457-1 at 4. And I note that the section 2255 motion does not explain the specifics of counsel's alleged failure. Movant argues that objections to the amount of drugs should have been filed, but she does not explain what facts those objections should have rested upon. It is her burden to present "specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011). She has failed to do that here, and this claim should be denied.[1]

III.    Failure to Investigate Prior Convictions

Similarly, movant's contention that counsel failed to object to two prior convictions is bereft of specifics. She alleges only that "[m]ovant was denied her due process during the sentencing hearing to timely object to two prior convictions that were used to classify her as a career offender." ECF No. 427 at 4. Here again, movant fails to offer specifics as to what

---

[1] I note that in her "objections" to the government's opposition, movant argues that she was sentenced to a "10-1 ratio of methamphetamine as opposed to [a] methamphetamine mixture." ECF No. 459 at 2. She does not adequately explain why this is relevant, whether she discussed this issue with her counsel prior to sentencing, or why she did not raise the issue of the correctness of the "purity calculation" on direct appeal. These vague assertions do not support section 2255 relief, even if considered.

3

objections should have been lodged, or what steps should have been taken to mitigate the fact of her prior convictions.  Moreover, in her sentencing memorandum, movant's counsel did address those priors, urging the court:

> Ms. Trapps is a prime example of the career offender to which the commission argues these elevated guidelines should not be applied. She has no prior violent offenses, her most serious prior offense is too old to count toward her criminal history and one of her two predicate offenses nearly timed-out from qualifying as a predicate offense, but for a technical violation of her parole.

ECF No. 344 at 13.  This claim should also be denied.

IV.   Failure to Counter the Government's Arguments for Aggravated Enhancements

Finally, movant argues that her counsel "failed to effectively counter the governments'[arguments] that [she] required aggravated enhancements."  ECF No. 427 at 4.  This argument is also meritless.  Her counsel filed objections and a sentencing memorandum, wherein she argued that a lower sentence was warranted.  ECF Nos. 343& 344.  And, as the government notes, her counsel's efforts were not wholly ineffective, insofar as she received a sentence below what the government recommended.  ECF No. 457-1 at 5 (noting that movant received a sentence 108 months less than what the government recommended).  It is unclear what movant means by "effectively" or what outcome she would have considered successful.  Regardless, she has not shown that her counsel rendered ineffective assistance.

Accordingly, it is RECOMMENDED that movant's section 2255 motion, ECF No. 427, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated:    June 26, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE