UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent,

v.

ALECIA TRAPPS,

Movant.

Case No. 1:18-cr-0076-DAD-JDP P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255

(Doc. Nos. 427, 468)

Movant is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct the sentence imposed upon her in this case pursuant to 28 U.S.C. § 2255. (Doc. No. 427.) In that motion movant argues that her attorney provided ineffective assistance at sentencing by: (1) failing to file timely objections to the Presentence Report ("PSR"); (2) failing to raise the issue of the amount of drugs allegedly involved in the relevant charges; (3) failing to investigate two prior convictions that triggered career offender guidelines; and (4) failing to effectively counter the government's arguments that aggravating upward adjustment s to her offense level were warranted. (*Id.* at 4.) The government filed an opposition to the pending motion, an amended opposition, and a supplemental opposition. (Doc. Nos. 445, 446, 457.) Movant filed a reply in support of the pending motion. (Doc. No. 459.)

On June 26, 2026, the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be denied. (Doc. No. 468.) Specifically, the magistrate judge concluded that none of movant's claims were supported by the record in this case and that each was also refuted by the declaration of her defense counsel at the time of movant's sentencing which was submitted by the government in opposition to the pending petition. (*Id.* at 3-4.)

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.) Following the granting of an extension of time to do so, on August 17, 2026, movant filed her objections to the findings and recommendations. (Doc. No. 471.) In her objections, movant argues that her guilty plea was "made in error" and not knowingly entered, (*Id.* at 1, 3–4.) Such a claim was not asserted in the pending § 2255 motion, is therefore not before the court and, in any event, the Ninth Circuit on appeal rejected movant's challenge to her plea colloquy. (Doc. No. 383.) Movant also contends that her counsel was ineffective in failing to apprise the sentencing court of her proffer to the government (*id.* at 2), but this too is a contention not raised in the pending § 2255 motion and would not appear to provide a basis for the relief movant seeks. In short, movant's objections provide no legitimate and persuasive basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be denied, the court will also decline to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, movant has failed to make the required showing.

For the reasons explained above:

1. The findings and recommendations issued June 26, 2026 (Doc. No. 468), are adopted in full;
2. Movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 427), is denied;
3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and
4. The Clerk of Court is directed to close the companion civil case, Case No. 1:24-cv-0223-DAD, and to once again close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE